**FILED**

AUG 2 6 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

KEITH NORDICK,

        Defendant.
_____/

CIV. NO. S-08-1940 EJG
CR. NO. S-04-0209 EJG

ORDER OF TRANSFER

Defendant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, this motion is transferred to the Ninth Circuit Court of Appeals.

BACKGROUND

Defendant was convicted, pursuant to his pleas of guilty, of mail fraud, wire fraud, conspiracy to commit money laundering, and aiding and abetting, on November 18, 2004. He was sentenced to a term of 65 months imprisonment and 36 months supervised release and is subject to the terms of a forfeiture order forfeiting his interest in certain properties. Pursuant to the

1

terms of his plea agreement, defendant waived appeal and collateral attack of his sentence and conviction. On June 29, 2005, defendant filed his first § 2255 motion, raising several substantive challenges to his conviction. Relying on the terms of the plea agreement, the court denied defendant's motion in an order filed July 5, 2005. Now, three years later, defendant has filed another § 2255 motion seeking to vacate his conviction.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a defendant's ability to file multiple § 2255 motions. The Act requires a defendant to obtain pre-authorization from the appropriate circuit court of appeals prior to filing a successive 2255 motion in the district court. See 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h). To obtain such authorization, defendant must demonstrate **to the appellate court** that his motion contains newly discovered evidence tending to show actual innocence or involves a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. In the instant case defendant relies on the former, arguing his arrest and subsequent conviction were violations of a treaty between the United States and Canada.

Whether defendant can obtain the pre-authorization needed to file a successive § 2255 motion is not a matter for this court to decide. In fact, the district court cannot proceed to the merits of the motion; rather, it must either dismiss the motion for lack

1 of jurisdiction, stay it and direct defendant to seek circuit
2 court authorization, or transfer it to the appropriate circuit
3 court of appeals pursuant to 28 U.S.C. § 1631. It is the
4 practice of the undersigned to transfer successive motions to the
5 Ninth Circuit Court of Appeals.

## CONCLUSION

1. The Clerk of Court shall transfer defendant's successive § 2255 motion to vacate, set aside or correct his sentence to the Ninth Circuit Court of Appeals, along with a copy of this court's July 5, 2005 order denying defendant's original § 2255 motion.

2. The Clerk of Court shall close companion civil case No. S-08-1940 EJG.

IT IS SO ORDERED.

Dated: August **26**, 2008

_____
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

3